UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION
AT LEXINGTON

CIVIL ACTION NO. 16-338-JMH-CJS

SHARON DALE GREER                                                                  PETITIONER

v.                         **REPORT AND RECOMMENDATION**

AARON SMITH, WARDEN                                                               RESPONDENT

\* \* \* \* \* \* \* \* \* \*

Petitioner Sharon Dale Greer has filed a *pro se* Petition under 28 U.S.C. § 2254 for Writ of Habeas Corpus. (R. 1). In the Petition, Greer asserts ineffective assistance of counsel based upon counsel's failure to make a contemporaneous objection to a PFO sentencing error under *Commonwealth v. Reener,* 734 S.W.2d 794 (Ky. 1987), and counsel's failure to convey Petitioner's acceptance of a plea offer. (R. 1-1, at 5). Greer also alleges: (1) the trial court erred in refusing to give an extreme emotional disturbance ("EED") jury instruction and (2) the trial court erred in allowing the admission of evidence of prior bad acts prohibited by Kentucky Rule of Evidence 404(b). (R. 1-1, at 7-8). Respondent has filed an Answer (R. 13), to which Petitioner has filed his Reply. (R. 17). The matter is ripe for consideration and preparation of a Report and Recommendation pursuant to 28 U.S.C. § 636(b). For the reasons set forth below, it will be **recommended** that Petitioner's § 2254 Petition be **denied**.

I.      BACKGROUND AND PROCEDURAL HISTORY

On January 25, 2008, a Lincoln County, Kentucky Grand Jury returned an Indictment charging Petitioner with one count of Assault in the First Degree, one count of Wanton Endangerment in the First Degree, and two counts of Persistent Felony Offender ("PFO") in the

1

Second Degree, having been convicted of at least one prior felony. (R. 1-1, at 2-3). The case went to trial, and on September 10, 2008, the jury returned a verdict of guilty on all four counts. (*Id.* at 4-5). On October 10, 2008, the Lincoln Circuit Court sentenced Defendant, in accordance with the jury's recommendation, to life in prison for the offense of Assault in the First Degree and ten years of imprisonment for the offense of Wanton Endangerment in the First Degree, enhanced by the PFO conviction. (R. 13-2, at 9-10).[1]

On direct appeal, the Kentucky Supreme Court recounted the factual history as follows:

. . . Sharon Dale Greer, and the assault victim, Sandra Mullins, began a romantic relationship in 2006. The couple soon began living together, at first in Greer's camper, and later, part-time in the camper and part-time in a home owned by Mullins, which the two were remodeling. The remodeling, in part, was for the purpose of enhancing access for Mullins' ailing aunt, who eventually moved in so that Mullins could care for her. After Mullins' aunt moved into the home, the relationship between Greer and Mullins became increasingly strained, and ultimately terminated with Mullins' request for Greer to move out in November 2007. Greer moved into the camper on the same property temporarily, but Mullins forced him to move out of the camper by cutting off the electricity. At that point, Greer reluctantly moved off the property, but he continued to contact Mullins frequently with pleas of reconciliation and often drove back and forth on the road in front of Mullins' home . . . .

In early January 2008, Mullins' daughter-in-law was in the house and the electricity started flashing on and off. She called Mullins to report the problem and Mullins drove to the residence, bringing her two-year-old granddaughter with her. When Mullins exited the vehicle, but before she got her granddaughter out of the car, she saw Greer "hunkered beneath the porch." Greer then pointed a sawed-off shotgun at her and began ranting about why she had left him. Mullins begged Greer for her life and all the while Mullins' granddaughter, still in the car just a few feet away, was screaming. Mullins' daughter-in-law came out onto the porch, but complied with Mullins' immediate request to go back into the house, lock the door, and call the police. After assuring Greer that she would not call the police if he let her go, Mullins began to back away from Greer, at which point he shot her. After Greer loaded another shell and shot Mullins a second time, she pretended to be dead and Greer fled the scene.

---

[1] The Lincoln County Circuit Court, at the direction of the Kentucky Supreme Court, issued an Amended Final Judgment on June 22, 2010 to correct a typographical error in the first Judgment, which mistakenly stated "Persistent Felony Offender, First-Degree" rather than "Persistent Felony Offender, Second Degree." (R. 1-1, at 17-18; 28-30).

2

>Two police officers responded to the scene. One of the officers dialed a cell phone number that was believed to be Greer's. Someone picked up the call but did not say anything. The officer proceeded to identify himself and ask for Greer. The officer reminded Greer that the two of them knew each other and then told Greer that he "needed to take care of this." Greer replied, "How's Sandy [Mullins]?" The officer answered that Mullins was being transported to the hospital for her injuries, but that she was alert. He then tried to get Greer to divulge his location before things got any worse. Greer responded, "I'm not going back," and ended the call.
>
>The police soon located Greer's abandoned vehicle and began a search of the nearby wooded area. One of the officers discovered Greer sitting on a log with a gun resting on his leg. Although it is unclear whether the act was deliberate or accidental, Greer shot himself in the face and lost an eye as a result . . . .

(R. 1-1, at 7-9; *Greer v. Commonwealth of Kentucky*, No. 2008-SC-000847-MR, 2010 WL 2471842, at *1-2 (Ky. June 17, 2010)).

Petitioner raised three claims on direct appeal, two of which are relevant here: "1) that the trial court erred in refusing to give an instruction on extreme emotional disturbance (EED); [and] 2) that KRE 404(b) evidence of prior bad acts was improperly admitted." (R. 1-1, at 7). On June 17, 2010, the Supreme Court of Kentucky affirmed Greer's convictions and sentence while remanding the case to correct a clerical error in the judgment. (*Id.* at 18).

On March 1, 2011, Petitioner, *pro-se*, filed a Motion to Vacate, Alter, or Amend Sentence pursuant to Kentucky Rule of Criminal Procedure 11.42. (*Id.* at 19). In his 11.42 motion, Petitioner raised two ineffective assistance of counsel claims that are relevant here: 1) counsel failed to make a contemporaneous objection to an error in PFO sentencing under *Commonwealth of Kentucky v. Reener*, 734 S.W.2d 794 (Ky. 1987), and 2) counsel failed to convey Petitioner's acceptance of the Commonwealth's plea offer. (R. 1-1, at 31-35). Petitioner further claimed he was prejudiced by counsel's deficient performance in failing to object to the *Reener* error under *Strickland v. Washington*, 466 U.S. 668 (1984), as the lack of an objection precluded him from raising the issue on appeal. (R. 1-1, at 35-36). As to the second claim, Petitioner alleged he was

3

prejudiced because had counsel conveyed his acceptance of the Commonwealth's plea offer, he would have been sentenced to a fifteen-year term of imprisonment pursuant to the terms of the agreement, rather life imprisonment upon conviction at trial. (*Id.* at 36-37).

The Lincoln Circuit Court denied Petitioner's 11.42 motion on December 9, 2011, without conducting an evidentiary hearing. (*Id.* at 46-49). The Circuit Court held Petitioner should have raised the PFO sentencing error on direct appeal, finding a contemporaneous objection not required to preserve the issue. (*Id.* at 60-64). In any case, the court held Petitioner failed to meet his burden of demonstrating prejudice, since the deviation from *Reener* of not assigning sentences for the underlying crimes prior to the enhancement for PFO status could have had a mitigating effect rather than a punitive effect on Petitioner's overall sentence. (*Id.* at 65). The court found Petitioner's second claim regarding failure to communicate his acceptance of the plea bargain also failed. (*Id.* at 67-69). Here, the court reasoned that because Greer did not plead guilty or otherwise rely on the Government's offer, no agreement was made, and thus, the Government could have withdrawn the offer at any time. (*Id.*).

Petitioner Greer, now represented by counsel, appealed denial of his 11.42 motion to the Kentucky Court of Appeals, but only with respect to the second claim—that counsel failed to communicate Greer's acceptance of the Commonwealth's plea offer. (R. 13-2, 117). Petitioner specifically argued the lower court erred by denying an evidentiary hearing where the allegations were not refuted on the face of the record and by failing to apply a *Strickland v. Washington* analysis, instead applying caselaw on the enforceability of plea agreements. (*Id.* at 120-24). On August 2, 2013, the Court of Appeals issued a four-page opinion affirming denial. (R. 1-1, at 75-78). Continuing to be represented by counsel, Petitioner moved for rehearing, which was denied.

4

(*Id.* at 79-84). Greer then appealed the decision of the Kentucky Court of Appeals to the Kentucky Supreme Court on October 21, 2013. (*Id.* at 85).

On August 13, 2014, the Supreme Court of Kentucky vacated the decision of the Court of Appeals and remanded the case to the Lincoln Circuit Court for an evidentiary hearing, and for consideration in light of *Missouri v. Frye*, 132 S.Ct. 1399 (2012) and *Lafler v. Cooper*, 132 S.Ct. 1376 (2012)—two recent Supreme Court cases addressing ineffective assistance of counsel in the context of plea bargaining. (*Id.* at 96). An evidentiary hearing was held on November 14, 2014. (*Id.* at 101). At the hearing Greer's trial counsel, Jenny Sanders, testified that she remembered Greer declining a plea offer made by the Commonwealth and that she did not fail to convey an acceptance of the offer. (*See id.* at 115).

On remand, following the evidentiary hearing, the Lincoln Circuit Court once again denied Greer's 11.42 motion. This time, the court applied the two-prong *Strickland v. Washington* test and found Greer failed to meet the burden of demonstrating his counsel's performance was ineffective. (*Id.* at 107-109). The court based this finding on the conflicting testimony at the evidentiary hearing as to whether the Commonwealth ever made an offer including a fifteen-year prison sentence, ultimately finding Attorney Sanders' testimony persuasive. (*Id.*).

After this second denial of Greer's 11.42 motion on remand, Greer's counsel successfully moved to withdraw. (*Id.* at 111-12). Greer proceeded to file a *pro se* appeal to the Kentucky Court of Appeals, arguing, among other things, the evidentiary hearing was improper because it did not cover his second ineffective assistance of counsel claim that counsel failed to object to a PFO sentencing error, which Greer raised in his original 11.42 motion but had not raised on appeal. (R. 13-2, at 192, 196). The Kentucky Court of Appeals affirmed the circuit court's denial of Petitioner's 11.42 motion, holding the evidentiary hearing was properly limited to the ineffective

assistance claim Greer raised on appeal and which was the sole subject of the Kentucky Supreme Court's remand. (*Id.* at 218). The Kentucky Court of Appeals also deferred to the circuit court's assessment of the credibility of testimony given at the evidentiary hearing, and the court's finding that Greer's counsel's testimony was more persuasive. (*Id.* at 222).

Greer then filed a *pro se* Petition under 28 U.S.C. § 2254 for Writ of Habeas Corpus. (R. 1). In the Petition, Greer asserts two claims of ineffective assistance of counsel, arguing counsel failed to make a contemporaneous objection to a PFO sentencing error under *Commonwealth v. Reener,* 734 S.W.2d 794 (Ky. 1987), and counsel failed to convey Petitioner's acceptance of a plea offer. (R. 1-1, at 5). Greer also alleges: 1) the trial court erred in refusing to give an extreme emotional disturbance ("EED") jury instruction and 2) the trial court erred in allowing the admission of evidence of prior bad acts prohibited by Kentucky Rule of Evidence 404(b). (*Id.* at 7-8).

## II.   ANALYSIS

### A.   Governing Legal Standard

Greer's habeas petition is governed by the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") which allows courts to grant habeas relief only when the state court's adjudication of the claim:

> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
>
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d). This is a "highly deferential standard for evaluating state-court rulings, which demands that state-court decisions be given the benefit of the doubt." *Cullen v. Pinholster*, 563 U.S. 170, 181 (2011). Petitioner carries the burden of proof. *Id.* "[T]he 'contrary to' and

'unreasonable application' clauses [have] independent meaning." *Williams v. Taylor*, 529 U.S. 362, 405 (2000). A state court's adjudication of a claim is considered "contrary to" clearly established federal law "if the state court arrives at a conclusion opposite to that reached by the Supreme Court on a question of law, or if the state court decides a case differently than the Supreme Court on a set of materially indistinguishable facts." *Van Tran v. Colson*, 764 F.3d 594, 604 (6th Cir. 2014) (citing *Brown v. Payton*, 544 U.S. 133, 141 (2005)). A state court's decision involves an "unreasonable application" of federal law when "the state court identifies the correct governing legal principle from the Supreme Court's decisions but unreasonably applies that principle to the facts governing the petitioner's case." *Henley v. Bell*, 487 F.3d 379, 384 (6th Cir. 2007) (citing *Williams*, 529 U.S. at 412-13)). Under § 2254(d)(1), "clearly established federal law" includes only holdings of the Supreme Court; and in order for a state prisoner to demonstrate application of such a holding was "unreasonable," he must show that the state court's holding "was so lacking in justification that there was an error well understood and comprehended in existing law beyond any possibility for fairminded disagreement." *White v. Woodall*, 572 U.S. 415, 415 (2004). Thus, the application must be "objectively unreasonable, not merely wrong; even 'clear error' will not suffice." *Id.* at 240 (quoting *Lockyer v. Andrade*, 538 U.S. 63, 75-76 (2003)). In addition, factual findings of the state court are presumed correct unless the petitioner presents clear and convincing evidence to the contrary. 28 U.S.C. § 2254(e)(1).

In his § 2254 Petition, Greer asserts that he was denied his Sixth Amendment right to the effective assistance of counsel. The Supreme Court provided clearly established law for ineffective assistance of counsel claims with its opinion in *Strickland v. Washington*, 466 U.S. 668 (1984), and subsequent cases. *Strickland* establishes a two-part test to determine whether a criminal defendant has been deprived of his Sixth Amendment right to effective assistance of

7

counsel, requiring a showing of (1) constitutionally deficient performance and (2) prejudice. *Id.* To meet the first prong, a defendant must show by a preponderance of the evidence that counsel's representation was so deficient, it fell "below an objective standard of reasonableness" as measured under "prevailing professional norms" and evaluated "considering all of the circumstances." *Id.* at 687-88.

The defendant must demonstrate this deficiency by pointing to specific errors in counsel's performance, and the reviewing court must subject the allegations to rigorous scrutiny, determining "whether, in light of all of the circumstances, the identified acts or omissions were outside the wide range of professionally competent assistance." *Id.* at 690. Judicial scrutiny of counsel's performance is "highly deferential," consisting of a "strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." *Strickland*, 466 U.S. at 689. In addition, "[a] fair assessment of attorney performance requires that every effort be made to eliminate the distorting effects of hindsight, to reconstruct the circumstances of counsel's challenged conduct, and to evaluate the conduct from counsel's perspective at the time." *Id.*

To meet the second prong of the *Strickland* test, a defendant must show that counsel's constitutionally deficient performance actually prejudiced the defense, and, as a result, "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Id.* at 694. When evaluating prejudice, courts generally must take into consideration the "totality of the evidence before judge or jury." *Strickland*, 466 U.S. at 695.

**B.     Petitioner's claim that counsel failed to contemporaneously object to a PFO sentencing error is procedurally defaulted and also fails on the merits.**

Petitioner failed to timely appeal the Lincoln County Circuit Court's denial of his claim that counsel was ineffective for failing to object to a PFO sentencing error under *Commonwealth v. Reener*, 734 S.W.2d 794 (Ky. 1987), and consequently that claim is procedurally defaulted.

8

Prior to seeking relief by way of a § 2254 petition in federal court, a state prisoner must exhaust available remedies in state court. 28 U.S.C. § 2254(b)(1)(A); *Stojetz v. Ishee*, 892 F.3d 175, 191 (6th Cir. 2018). A litigant satisfies the exhaustion requirement when he has presented the claim to the court of appeals, which has denied relief. *See* Ky. R. Crim. P. 12.05 ("when the claim has been presented to the appellate court, and relief has been denied, the litigant shall be deemed to have exhausted all available state remedies available for that claim."); *Denney v. Taylor*, No. 13-98-GTVT-CJS, 2015 U.S. Dist. LEXIS 60573, at *28 (E.D. Ky. Apr. 13, 2015), *report and recommendation adopted*, No. 13-98-GTVT, 2015 U.S. Dist. LEXIS 59846 (E.D. Ky. May 7, 2015); *Shane v. Taylor*, 3:11-CV-00643-CRS, 2012 WL 6985108, n.4 (W.D. Ky. July 25, 2012) ("The federal district courts for both the Western and Eastern Districts of Kentucky have held, based on the language of RCr 12.05, that a Kentucky prisoner exhausts his available state court remedies when he presents his claims at trial and by way of appeal to the next highest appellate court.").

When a petitioner has failed to exhaust his state remedies, the federal court must determine whether the petition should be dismissed in order to allow for the petitioner to present his claims to the state court. If the petitioner failed to present his claims in state court, but would now be procedurally barred from doing so, there is a procedural default for purposes of his federal habeas claims, as the state court would have independent and adequate grounds for denying the claim based on the state procedural rule. *Coleman v. Thompson*, 501 U.S. 722, 735 n.1 (1991); *Stojetz*, 892 F.3d at 191. When a petitioner has failed to timely appeal a state court's denial of a claim for relief, that claim is considered procedurally defaulted. *Coleman*, 501 U.S. at 731-32, 740-43 (1991) (holding petitioner's failure to file a timely notice of appeal in state court was an independent and adequate state ground for denying petitioner's federal habeas claims). A federal

court may consider a claim that has been procedurally defaulted only when the petitioner can show cause and prejudice for the default or actual innocence. *Id.* at 731-32; *Hand v. Houk*, 871 F.3d 390, 407 (6th Cir. 2017); *Seymore v. Walker*, 224 F.3d 542, 550 (6th Cir. 2000) (citing *Wainwright v. Sykes*, 433 U.S. 72, 87 (1977)).

In the instant case, Petitioner alleged two grounds for ineffective assistance of counsel in his 11.42 motion. (R. 1-1, at 31-35). The Lincoln Circuit Court denied relief on both grounds, and Petitioner, by counsel, filed an appeal based only on one of those grounds to the Kentucky Court of Appeals (counsel's alleged failure to communicate acceptance of the plea offer). (*Id.* at 46-49; R. 13-2, 111-125). Petitioner did not appeal denial of his other ineffective assistance of counsel claim, now re-asserted in the instant § 2254 Petition, based on counsel's alleged failure to object to a PFO sentencing error pursuant to *Reener*. (R. 1, at 5). Kentucky Criminal Rule of Procedure 73.01(1)(a) requires that notice of appeal be filed within thirty days of service of the judgment or order. The order of the circuit court denying Petitioner's 11.42 motion is dated December of 2011, and thus, the deadline for Petitioner to file an appeal of denial of this ineffective assistance of counsel claim has long been expired. (R. 1-1, at 69).

Petitioner does not provide an explanation for his failure to timely appeal denial of this claim, nor does he provide proof of actual innocence. Petitioner responds to the Warden's allegation of procedural default (*See* R. 13, at 18) by stating in a conclusory fashion that "Petitioner has exhausted each and every claim brought within his petition to this Court . . . ." (R. 17, at 2). Because Petitioner failed to timely appeal his ineffective assistance of counsel claim regarding the PFO sentencing error and failed to argue cause and prejudice or actual innocence, the ineffective assistance of counsel claim is procedurally defaulted. *See Hand*, 871 F.3d at 409 (6th Cir. 2017)

10

("[B]ecause [Petitioner] did not argue cause and prejudice to excuse his default, we hold that [Petitioner] procedurally defaulted his second claim for habeas relief").

Even assuming Petitioner could properly assert this claim, it would fail on the merits. Petitioner's § 2254 Petition asserts that trial counsel "failed to make a contemporaneous objection to a clear reener PFO sentencing error, denying him a chance to seek review on his direct appeal in violation of the 14th amendment." (R. 1, at 5). Petitioner fails to expand or elaborate further on this claim, and consequently, if addressed on the merits, the claim would be denied as conclusory. *See Wogenstahl v. Mitchell*, 668 F.3d 307, 335 (6th Cir. 2012), *cert. denied*, 568 U.S. 902 (2012) ("[M]erely conclusory allegations of ineffective assistance . . . are insufficient to state a constitutional claim.") (citing *Workman v. Bell*, 178 F.3d 759, 771 (6th Cir. 1998)).

Furthermore, Petitioner has not met his burden of showing the circuit court's opinion was contrary to clearly established federal law. To reiterate, the petitioner "has the burden of establishing his right to federal habeas relief," *Garner v. Mitchell*, 557 F.3d 257, 261 (6th Cir. 2009), and courts may only afford such relief when "there is no possibility that fairminded jurists could disagree that the state court's decision conflicts with [the Supreme] Court's precedents." *Harrington v. Richter*, 562 U.S. 86, 102 (2011). The Lincoln Circuit Court, in denying Petitioner's ineffective assistance of counsel claim, found that Greer should have raised the issue regarding the alleged PFO sentencing error on direct appeal rather than "couching the[] claim as ineffective assistance of counsel." (R. 13-2, at 101-02). The court also considered the merits of the claim in the alternative. Applying the clearly established law governing ineffective assistance of counsel claims as set forth in *Strickland v. Washington*, the court held that Greer failed to satisfy the second prong—prejudice. (*Id.* at 101-105). Greer has failed to put forth any arguments or authorities to

11

demonstrate that the state court's application of *Strickland* was not reasonable, and consequently, the claim fails on the merits.

### C. Petitioner's claim that counsel was ineffective for failing to communicate acceptance of a plea agreement fails on the merits.

Petitioner's second ineffective assistance of counsel claim, initially raised in his 11.42 motion, alleges trial counsel was ineffective for failing to communicate acceptance of the Commonwealth's plea offer. (R. 1, at 5). The Lincoln Circuit Court denied relief on the basis of this claim, and Greer, by counsel, subsequently sought review by both the Kentucky Court of Appeals and Supreme Court of Kentucky. (R. 13-2, at 107, 148, 161). The Supreme Court of Kentucky remanded the case back to the Circuit Court for further consideration in light of *Missouri v. Frye*, 132 S. Ct. 1399 (2012) and *Lafler v. Cooper*, 132 S. Ct. 1376 (2012) with directions to conduct an evidentiary hearing. (*Id.* at 178). Following the evidentiary hearing, the Circuit Court denied the ineffective assistance of counsel claim, and Petitioner proceeded to appeal this decision for a second time to the Kentucky Court of Appeals, this time without representation of counsel. (*Id.* at 179, 215). Thus, Greer properly exhausted state law remedies with respect to this ineffective assistance claim. Courts considering a § 2254 petition assess the most recent reasoned state court opinion—the most recent opinion decided on the merits. *Haliym v. Mitchell*, 492 F.3d 680 (6th Cir. 2007); *Yist v. Nunnemaker*, 501 U.S. 797, 803 (1991). The most recent opinion to address the merits of the instant claim is that of the Kentucky Court of Appeals, which affirmed the Lincoln Circuit Court's denial of the claim for a second time.

The right to effective assistance of counsel extends to the plea-bargaining process, and "[i]f a plea bargain is offered, a defendant has the right to effective assistance of counsel in considering whether to accept it." *Lafler v. Cooper*, 566 U.S. 156, 162-68 (2012). In the plea-bargaining context, the plaintiff must show that but for counsel's ineffective performance,

12

> there is a reasonable probability that the plea offer would have been presented to the court (*i.e.*, that the defendant would have accepted the plea and the prosecution would not have withdrawn it in light of intervening circumstances), that the court would have accepted its terms, and that the conviction or sentence, or both, under the offer's terms would have been less severe than under the judgment and sentence that in fact were imposed.

*Lafler*, 566 U.S. at 164 (2012).

In his § 2254 Petition, Greer states that counsel conveyed the Commonwealth's plea offer of fifteen years to Petitioner, but that counsel "forgot to relay plea acceptance" and "[h]ad counsel performed her advocacy as obligated . . . there is a reasonable probability that the proceedings would have had a different outcome." (R. 1, at 5). The Kentucky Court of Appeals summarized the relevant testimony from the evidentiary hearing as follows:

> Greer testified that the Commonwealth offered him a fifteen-year sentence and that he informed Ms. Sanders [Greer's trial counsel] that he would accept that offer. He then testified that his trial counsel informed him they were going to trial because she forgot to tell the Commonwealth that he would accept the deal. Ms. Sanders testified that she remembered Greer declining a plea offer made by the Commonwealth. She also denied that she forgot to tell the Commonwealth that Greer would accept a plea offer.

(R. 13-2, at 217). The Kentucky Court of Appeals also identified "the *Strickland* test" and cited to *Brown v. Commonwealth*, 253 S.W.3d 490, 500 (Ky. 2008), stating "the reviewing court looks *de novo* at counsel's performance and any potential deficiency caused by counsel's performance." (*Id.* at 222). The court further noted, "even though, both parts of the Strickland test for ineffective assistance of counsel involve mixed questions of law and fact, the reviewing court must defer to the determination of facts and credibility made by the trial court." (*Id.*). The court then deferred to the trial court's determination that the testimony of Attorney Sanders was more persuasive, affirming denial of relief on that basis. Thus, the Kentucky Court of Appeals correctly identified the controlling Supreme Court precedent set forth in *Strickland*, and although it did not go into great detail, the court's application was reasonable, concluding that counsel's performance was

13

not deficient based on the credible testimony of Sanders that she did not fail to convey Greer's acceptance of a plea offer, but rather, Greer was unwilling to accept the offer the Commonwealth put on the table. Greer does not propound any evidence or arguments calling into question the credibility of Sanders or otherwise challenging the court's application of *Strickland*. Consequently, Greer has not met the high burden of demonstrating the state court's factual finding as to Sanders' credibility was erroneous by clear and convincing evidence, nor that the state court's opinion was "contrary to, or involved an unreasonable application of, clearly established Federal law . . . ." 28 U.S.C. § 2254(d). Petitioner is therefore not entitled to habeas relief on this basis.

> **D.    Petitioner's claim for relief based on the trial court's alleged error in refusing to give an EED jury instruction fails.**

Petitioner also seeks relief under § 2254 based on the trial court's refusal to allow an EED jury instruction which allegedly violated his Sixth and Fourteenth Amendment due process rights. (R. 1, at 7). Greer raised this claim on direct appeal to the Kentucky Supreme Court, which denied relief, thereby exhausting state court remedies. (R. 13-2, at 73). Federal courts review state prisoners' petitions for relief under § 2254 only for violations of "the Constitution or laws or treaties of the United States." *See* 28 U.S.C. § 2254(a). Thus, "errors in application of state law . . . are usually not cognizable in federal habeas corpus." *Bey v. Bagley*, 500 F.3d 514, 519 (6th Cir. 2007) (citing *Walker v. Engle*, 703 F.2d 959, 962 (6th Cir. 1983)); *see also Estelle v. McGuire*, 502 U.S. 62, 67-68 (1991) ("It is not the province of a federal habeas court to reexamine state court determinations on state law questions.")). As such, "jury instructions involving alleged state law error may not serve as the basis for habeas relief unless they have 'so infused the trial with unfairness as to deny due process of law.'" *Sanders v. Freeman*, 221 F.3d 846 (6th Cir. 2000) (quoting *Estelle*, 502 U.S. at 75). Furthermore, "[a]n omission, or an incomplete instruction, is less likely to be prejudicial than a misstatement of the law." *Wade v. Timmerman-Cooper*, 785

14

F.3d 1059, 1079 (6th Cir. 2015) (quoting *Henderson v. Kibbe*, 431 U.S. 145, 155 (1977)). The Supreme Court has held that "a defendant is entitled to an instruction as to any recognized defense for which there exists evidence sufficient for a reasonable jury to find in his favor." *Matthews v. United States*, 485 U.S. 58, 63 (1988). However, "[t]here is no due process violation for failure to give an instruction on a defense if there was insufficient evidence as a matter of law to support the defense." *Hawkins v. Rivard*, No. 16-1406, 2016 WL 6775952, at *2 (6th Cir. Nov. 10, 2016) (citing *Neuman v. Rivers*, 125 F.3d 315, 323-24 (6th Cir. 1997); *Allen v. Morris*, 845 F.2d 610, 617 (6th Cir. 1988)).

The Supreme Court of Kentucky recognized that state law permitting a defendant to "establish mitigation that he acted under the influence of extreme emotional disturbance" applied in Greer's case, because Greer was charged with first-degree assault on the theory that he intentionally caused serious physical injury by means of a deadly weapon or dangerous instrument. (R. 13-2, at 73) (citing KRS § 508.040(1)). The court went on to explain that under Kentucky law, an EED instruction is not automatic, and is only warranted when sufficient evidence is shown that defendant experienced "a temporary state of mind so enraged, inflamed, or disturbed as to overcome one's judgment, and to cause one to act uncontrollably . . ." and that "the event which trigger[ed] the explosion of violence . . . [was] sudden and uninterrupted." (R. 13-2, at 73-74) (citation omitted).

Applying the law to the circumstances of Greer's case, the Kentucky Supreme Court affirmed the lower court's finding that Greer failed to present sufficient evidence warranting an instruction. Greer pointed to his recent breakup with the victim as the triggering event. However, the Kentucky Supreme Court found this to be insufficient based on Kentucky caselaw establishing "evidence of mere hurt or anger is insufficient to prove emotional disturbance." (*Id.* at 75). The

Kentucky Supreme Court also considered the fact that Greer "lay in wait" for the victim and did not offer evidence of a reasonable explanation or excuse for the claimed emotional disturbance from his perception (as required by state law). (*Id.* at 74-75).

In his § 2254 Petition, Greer does not offer any specific arguments rebutting the state court's analysis and merely states in a conclusory manner that "[t]here was sufficient evidence submitted at trial to make a showing of emotional disturbance EED due to [the] state of mind of the petitioner prior to and during the incident due to a relationship breakdown." (R. 1, at 7). Thus, Greer has not demonstrated he was entitled to an EED instruction based on the evidence presented at trial, nor has Greer presented any arguments that such an error would have "so infused the trial with unfairness as to deny due process of law." Accordingly, Petitioner is not entitled to habeas relief based on this claim.

### E. Petitioner's claim for habeas relief based on the trial court's alleged erroneous admission of 404(b) evidence lacks merit.

Petitioner's final basis for habeas relief is that the trial court erred in admitting evidence of prior bad acts prohibited by Kentucky Rule of Evidence 404(b) amounting to a violation of his Sixth and Fourteenth Amendment rights. (R. 1, at 8). This evidence consisted of the testimony of Officer Donny Gilliam that when he called Greer following the shooting and suggested that Greer turn himself in, Greer stated, "I am not going back." (R. 13-2, at 27). Greer argued in his direct appeal that the statement, in the context of the conversation, indicated Greer had been previously incarcerated, and thus constituted improper Rule 404(b) evidence of a prior bad act. (*Id.* at 27-30). Respondent asserts that Petitioner does not state a cognizable claim, as a state court's application of state rules of evidence is not subject to habeas review. (*Id.* at 28) (citing *Bey*, 500 F.3d at 519-20). It is true that errors made in the application of state law "especially with regard to the admissibility of evidence, are usually not cognizable in federal habeas corpus." *Wilson v.*

16

*Sheldon*, 874 F.3d 470 (6th Cir. 2017) (quoting *Walker*, 703 F.2d at 962).  However, if a ruling "results in a denial of fundamental fairness, it may violate due process and thus warrant habeas relief."  *Id.* (quoting *Bugh v. Mitchell*, 329 F.3d 496, 512 (6th Cir. 2003)).  This standard is not easily met, and generally speaking, "state-court evidentiary rulings cannot rise to the level of due process violations unless they offend some principle of justice so rooted in the traditions and conscience of our people as to be ranked as fundamental."  *Id.* at 475-76 (quoting *Seymour*, 224 F.3d at 552).

Here, Petitioner specifically alleges that the trial court's admission of 404(b) evidence violated federal law, namely Petitioner's Sixth and Fourteenth Amendment rights; and therefore, the claim is cognizable under § 2254(d)(1).  (R. 1, at 8).  In addition, Petitioner has properly exhausted state remedies with respect to this claim, having raised this issue on direct appeal to the Kentucky Supreme Court where he specifically alleged denial of "his right to a fair trial and due process guaranteed by the 6th and 14th Amendments."  (R. 13-2, at 31).  However, the claim fails on the merits, as Petitioner has not demonstrated that the state court's admission of the evidence was "fundamentally unfair," and has not met the burden of showing that the Kentucky Supreme Court's opinion was contrary to clearly established Supreme Court precedent.

The Kentucky Supreme Court agreed with the trial court that Greer's statement on the phone ("I'm not going back") was "too ambiguous to be characterized as a reference to a prior bad act under KRE 404(b)," as "back" could have meant a number of things, including going back to the crime scene.  (*Id.* at 77-78).  The court further held that even if the statement constituted evidence of a prior bad act, the "vague and fleeting reference" would not have prejudiced the defendant to the point of warranting reversible error.  (*Id.* at 78).  Greer points to no Kentucky caselaw or other authority to support his argument that the statement was improperly admitted.

17

Even assuming allowing the jury to consider the statement, "I'm not going back," was erroneous under state law, such an error would not rise to the degree of "a denial of fundamental fairness," especially considering the brevity and vagueness of the statement. Furthermore, there is no evidence the Kentucky Supreme Court's reasoning was contrary to clearly established federal law. As already discussed, the U.S. Supreme Court provides state courts broad discretion in applying state procedural law and has "defined the category of infractions that violate 'fundamental unfairness' very narrowly." *Bey*, 500 F.3d at 522 (6th Cir. 2007) (quoting *Dowling v. United States*, 493 U.S. 342, 352-53 (1990)); *see also Bugh*, 329 F.3d 496 (6th Cir. 2003) (finding "no clearly established Supreme Court precedent . . . . holds that a state violates due process by permitting propensity evidence in the form of other bad acts evidence."). Because Petitioner has not demonstrated that the Kentucky Supreme Court's decision was contrary to well established U.S. Supreme Court precedent, he is not entitled to relief under § 2254(d) on this ground.

## III.    CERTIFICATE OF APPEALABILITY

Pursuant to Rule 11 of the Federal Rules Governing Section 2254 Proceedings, the district court must issue or deny a certificate of appealability ("COA") when it enters a final order adverse to the applicant. A certificate may issue only if a petitioner has made a substantial showing of the denial of a constitutional right. 28 U.S.C. § 2253(c)(2). The Supreme Court fully explained the requirement associated with a "substantial showing of the denial of a constitutional right" in *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). In cases where a district court has rejected a petitioner's constitutional claims on the merits, "the petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Id*. "When a district court denies a habeas petition on procedural grounds without reaching the petitioner's underlying constitutional claim, a COA should issue when the petitioner shows, at least, that jurists

of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Id.*

In this case, reasonable jurists would not debate the denial of Greer's § 2254 Petition or conclude that the issues presented are adequate to deserve encouragement to proceed further. *See Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003) (citing *Slack*, 529 U.S. at 484). Accordingly, it will be recommended that a certificate of appealability be **denied** upon the District Court's entry of its final order in this matter.

### IV. CONCLUSION AND RECOMMENDATIONS

For the reasons stated herein, **IT IS RECOMMENDED** that:

1) the Petition for Writ of Habeas Corpus under 28 U.S.C. § 2254 (R. 1) **be denied** and this matter **be dismissed;**

2) a Certificate of Appealability **be denied** by the District Court in conjunction with the Court's entry of its final order in this matter;

3) Judgment in favor of the Respondent **be entered** contemporaneously with the District Court's entry of its final order; and

4) this case **be stricken** from the active docket of this Court.

The Court directs the parties to 28 U.S.C. § 636(b)(1) for appeal rights and mechanics concerning this Report and Recommendation, issued under subsection (B) of the statute. *See also* Rules Governing Section 2254 Proceedings for the United States District Courts, Rule 8(b). Within fourteen (14) days after being served with a copy of this Report and Recommendation, any party may serve and file specific written objections to any or all findings or recommendations for determination, *de novo*, by the District Court. Failure to make a timely objection consistent with

19

the statute and rule may, and normally will, result in waiver of further appeal to or review by the District Court and Court of Appeals. *See Thomas v. Arn,* 474 U.S. 140, 155 (1985); *United States v. Walters,* 638 F.2d 947, 950 (6th Cir. 1981).

Signed this 7th day of February, 2019.



Signed By:
*Candace J. Smith*
United States Magistrate Judge

J:\DATA\habeas petitions\2254 General\16-338-JMH Greer R&R.docx