UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
**CENTRAL DIVISION at LEXINGTON**

| | | |
|---|---|---|
| SHARON DALE GREER, | ) | |
| | ) | |
|     Petitioner, | ) | |
| | ) | Case No. |
| v. | ) | 5:16-cv-338-JMH-CJS |
| | ) | |
| AARON SMITH, WARDEN, | ) | **MEMORANDUM OPINION** |
| KENTUCKY STATE REFORMATORY, | ) | **AND ORDER** |
| | ) | |
|     Respondent. | ) | |

\*\*\*

This matter is before the Court on the report and recommendation ("R&R") of Magistrate Judge Candace J. Smith. [DE 21]. Kentucky state prisoner Sharon Dale Greer, proceeding pro se, filed a motion pursuant to 28 U.S.C. § 2254. [DE 1]. Greer raised several challenges in his § 2254 petition. Consistent with local practice, Magistrate Judge Smith conducted a preliminary review of Greer's claims and recommended that Greer's petition be denied. [DE 21].

Now, Greer objects to only one of Magistrate Judge Smith's recommendations. Greer contends that he received ineffective assistance of counsel because counsel "refused to convey his acceptance of a plea agreement." [DE 25 at 1, Pg ID 463].

Having reviewed the matter de novo, the Court adopts Magistrate Judge Smith's recommendations as its own because Greer has failed to provide any objective evidence that he was offered or accepted a fifteen-year plea deal from the Commonwealth. As

1

such, the Court **ACCEPTS** and **ADOPTS** the report and recommendation of Magistrate Judge Smith [DE 21] in its entirety and Greer's habeas petition [DE 1] is **DENIED**.

## I.  Background and Procedural History

Greer states that he "objects to the Magistrate's R & R because he has blindly accepted the state courts' finding of fact, without looking at the glaring unreasonableness of those facts." [DE 25 at 6, Pg ID 468].  Still, while Greer clearly disagrees with the findings of fact made by the state trial court pertaining to his alleged acceptance of a plea agreement, Greer makes no specific objection to the Magistrate Judge's recitation of the relevant facts.  As such, the Court adopts the accurate procedural and factual recitation in Judge Smith's report and recommendation. [DE 21 at 1-6, Pg ID 437-42].

## II.  Standard of Review

As the Magistrate Judge correctly noted, Greer's habeas petition is governed by the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA").  AEDPA allows federal courts to grant habeas relief when the state court's adjudication of the claim:

> (1)  resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or

>     (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d).

Section 2254 "sets several limits on the power of a federal court to grant an application for a writ of habeas corpus on behalf of a state prisoner." *Cullen v. Pinholster*, 563 U.S. 170, 181 (2011). First, Section 2254(a) states that a federal court may "entertain an application for a writ of habeas corpus in behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." Section 2254(b) and (c) provide that, subject to certain exceptions, a habeas petitioner must exhaust state remedies.

The petitioner carries the burden of proof. *Woodford v. Visciotti*, 537 U.S. 19, 25 (2002) (*per curiam*). The Section 2254 standard is "difficult to meet," *Harrington v. Richter*, 562 U.S. 86, 102 (2011), and is a "highly deferential standard for evaluating state-court rulings, which demands that state-court decisions be given the benefit of the doubt." *Woodford*, 537 U.S. at 24 (citation and internal quotation marks omitted). Finally, "review under § 2254(d)(1) is limited to the record that was before the state court that adjudicated the claim on the merits." *Cullen*, 563 U.S. at 181.

3

Moreover, "a determination of a factual issue made by a State court shall be presumed to be correct. The applicant shall have the burden of rebutting the presumption of correctness by clear and convincing evidence." 28 U.S.C. § 2254(e)(1).

A habeas petitioner may object to a magistrate judge's report and recommendation. Fed. R. Civ. P. 72(b)(2). If the petitioner objects, "The district judge must determine de novo any part of the magistrate judge's disposition that has been properly objected to." Fed. R. Civ. P. 72(b)(3); *see also* 28 U.S.C. § 636(b)(1). "Only those specific objections to the magistrate's report made to the district court will be preserved for appellate review." *Carson v. Hudson*, 421 F. App'x 560, 563 (6th Cir. 2011) (quoting *Souter v. Jones*, 395 F.3d 577, 585–86 (6th Cir. 2005)).

### III. Analysis

Here, Greer makes one narrow objection to Magistrate Judge Smith's report and recommendation. Greer contends that counsel was ineffective because he accepted the government's plea offer before trial and his acceptance was never communicated. First, Greer claims that trial counsel was ineffective for failing to communicate his acceptance of the plea agreement. Second, while unclear, Greer appears to argue that appellate counsel was ineffective for failing to adequately develop the record to demonstrate that trial counsel was ineffective. Each argument is considered below.

4

## A. Ineffective Assistance of Trial Counsel

**(1) Ineffective Assistance of Counsel Standard**

The Sixth Amendment, made applicable to the states by the Fourteenth Amendment, provides that a defendant shall have the assistance of counsel in all criminal prosecutions. *Missouri v. Frye*, 566 U.S. 134, 138 (2012). The right to counsel includes the right to effective assistance of counsel. *Id.* (citing *Strickland v. Washington*, 466 U.S. 668, 686 (1984)).

An ineffective assistance of counsel claim under *Strickland* requires that a prisoner show (1) that his "counsel's performance was deficient measured by reference to 'an objective standard of reasonableness'" and (2) "resulting prejudice, which exists where 'there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceedings would have been different.'" *United States v. Coleman*, 835 F.3d 606, 612 (6th Cir. 2016) (quoting *Strickland*, 466 U.S. at 688, 694).

"To establish deficient performance, a petitioner must demonstrate that counsel's representation 'fell below an objective standard of reasonableness.'" *Wiggins v. Smith*, 539 U.S. 510, 521 (2003) (quoting *Strickland*, 466 U.S. at 688)). Courts have "declined to articulate specific guidelines for appropriate attorney conduct and instead have emphasized that '[t]he proper measure of attorney performance remains simply reasonableness under prevailing professional norms.'" *Id.* (quoting *Strickland*,

5

466 U.S. at 688) (alterations in *Wiggins*). Still, a court's review of this prong includes a "strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." *Strickland*, 466 U.S. at 689. Petitioner carries the burden of establishing that "'counsel made errors so serious that counsel was not functioning as the "counsel" guaranteed the defendant by the Sixth Amendment.'" *Harrington v. Richter*, 562 U.S. 86, 104 (2011) (quoting *Strickland*, 466 U.S. at 687).

Prejudice results from a deficient performance when "counsel's errors were so serious as to deprive the defendant of a fair trial, a trial whose result is reliable." *Strickland*, 466 U.S. at 687. "It is not enough 'to show that the errors had some conceivable effect on the outcome of the proceeding.'" *Harrington*, 562 U.S. at 104 (quoting *Strickland*, 466 U.S. at 693).

Meeting "*Strickland*'s high bar is never an easy task." *Padilla v. Kentucky*, 559 U.S. 356, 371 (2010). The standard "must be applied with scrupulous care, lest 'intrusive post-trial inquiry' threaten the integrity of the very adversary process the right to counsel is meant to serve." *Harrington*, 562 U.S. at 105. "Even under *de novo* review, the standard for judging counsel's representation is a most deferential one" because "[u]nlike a later reviewing court, the attorney observed the relevant proceedings, knew of materials outside the record, and interacted with the client, with opposing counsel, and with the judge." *Id*.

The right to effective assistance of counsel extends to the plea-bargaining process. "If a plea bargain is offered, a defendant has a right to effective assistance of counsel in considering whether to accept [the plea offer]." *Lafler v. Cooper*, 566 U.S. 156, 162-68 (2012). In the plea-bargaining context, the petitioner must demonstrate that but for counsel's ineffective performance,

> there is a reasonable probability that the plea offer would have been presented to the court (*i.e.,* that the defendant would have accepted the plea and the prosecution would not have withdrawn it in light of intervening circumstances), that the court would have accepted its terms, and that the conviction or sentence, or both, under the offer's terms would have been less severe than under the judgment and sentence that in fact were imposed.

Id. at 164; *see also Frye*, 566 U.S. at 147-48.

**(2) Relevant Procedural History and Magistrate Judge's Findings**

In the present case, Greer argues that trial counsel asked Greer whether he would be willing to accept a plea deal and, if so, how much time in prison he would be willing to accept. [DE 25 at 7, Pg ID 469]. Greer claims that he told trial counsel that he would accept twelve years. [*Id.*]. According to Greer, the Commonwealth offered fifteen years of incarceration. [*Id.*]. Greer claims that he communicated his acceptance of the fifteen-year deal to trial counsel, but that trial counsel never communicated his acceptance to the Commonwealth or the trial court. [*Id.*].

7

Greer appealed and after remand the trial court conducted an evidentiary hearing on Greer's claim that his attorney had failed to communicate his acceptance of the Commonwealth's plea offer. [DE 21 at 4-5, Pg ID 440-41 (discussing the procedural history of the state court proceedings)]. After an evidentiary hearing, the state trial court again denied Greer's motion to vacate, alter, or amend sentence pursuant to Kentucky Rule of Criminal Procedure 11.42. [DE 1-1 at 101-09, Pg ID 116-24]. In denying Greer's motion, the trial court noted that Greer did not raise his acceptance of the Commonwealth's plea agreement at any time during the trial but instead went along with the trial to completion and then raised the plea agreement issue for the first time on appeal. [*Id.* at 106-07, Pg ID 121-22]. Additionally, the trial court considered the Strickland standard, noting that, "[t]rial counsel gave conflicting testimony regarding the existence or a plea bargain." [*Id.* at 107, Pg ID 122]. Moreover, the trial court found that "Greer failed to adduce testimony from any other witness, including the Commonwealth's Attorney, or documentary evidence from his own counsel's file which was within the possession, custody and control of the Department of Public Advocacy, to corroborate his claim." [*Id.* at 108, Pg ID 123].

Greer appealed the trial court's denial to the Kentucky Court of Appeals. The Kentucky Court of Appeals summarized the testimony

at the evidentiary hearing pertaining to Greer's alleged acceptance of a plea agreement as follows,

> On November 14, 2014, the trial court held an evidentiary [hearing]. Greer and his trial counsel, Jenny Sanders, both testified at the hearing. Greer testified that the Commonwealth offered him a fifteen-year sentence and that he informed Ms. Sanders that he would accept that offer. He then testified that his trial counsel informed him they were going to trial because she forgot to tell the Commonwealth that [Greer] would accept the deal.
> Ms. Sanders testified that she remembered Greer declining a plea offer made by the Commonwealth. She also denied that she forgot to tell the Commonwealth that Greer would accept a plea offer.

[Id. at 115, Pg ID 130].

After reviewing the relevant testimony, the Kentucky Court of Appeals affirmed the trial court's denial of Greer's motion to vacate, alter, or amend, concluding that

> In the case at hand, Greer and his trial counsel were the only witnesses to testify and no other evidence was presented. The trial court specifically found the testimony of trial counsel more persuasive. Based on the evidence presented at the hearing, this finding is not clearly erroneous and we must defer to the trial court's judgment as to the credibility of witnesses.

[Id. at 120, Pg ID 135].

In finding that Greer was not entitled to habeas relief, Magistrate Judge Smith found that the Kentucky Court of Appeals correctly identified the *Strickland* standard and that "the court's application was reasonable, concluding that counsel's performance was not deficient based on the credible testimony of Sanders that she did not fail to convey Greer's acceptance of a plea offer, but

9

rather, Greer was unwilling to accept the offer the Commonwealth put on the table." [DE 21 at 13-14, Pg ID 449-50]. As a result, Judge Smith held that Greer had not met his heavy burden and did "not propound any evidence or arguments calling into question the credibility of Sanders or otherwise challenging the court's application of Strickland." [Id. at 14, Pg ID 450].

**(3) Analysis of Greer's Objections to the Report and Recommendation**

Greer appears to raise two objections pertaining to the ineffectiveness of trial counsel. First, Greer asserts that "[i]t was unreasonable to conclude that trial counsel's testimony was more credible than Greer's." [DE 25] at 7-8, Pg ID 469-50]. Second, Greer appears to argue that the trial court's finding that there was no fifteen-year plea agreement offered by the Commonwealth is not supported by the record evidence. [*Id.*].

First, Greer has pointed to no objective evidence in the record that demonstrates that the state trial court's finding that trial counsel's testimony was more credible than Greer's was erroneous. Clearly, Greer subjectively believes that the Court erred when it found the testimony of trial counsel more persuasive than Greer's testimony. Still, this situation presented a classic "he-said, she-said" scenario, where the ultimate determination came down to who the court found more credible. Courts make credibility determinations daily and Greer has pointed to no

10

objective evidence in the record that suggests that trial counsel lied at the evidentiary hearing.

In response, Greer asserts that "trial counsel's testimony was certainly suspect, her answers were elusive, because she did not define what others offers had been made by the Commonwealth, just that there was not one of 15 years . . . and, [that] she did not forg[et] to convey Greer's acceptance." [*Id.* at 7, Pg ID 469]. Still, none of these claims, assuming they are true, conclusively demonstrates that trial counsel is not credible.

Here, Greer asks this Court to wholly accept that he is the person that is being truthful, but that argument, standing alone, is unpersuasive. The only person asserting that Greer accepted a fifteen-year plea agreement is Greer himself. The Commonwealth disputed that a fifteen-year sentence was ever offered to Greer and trial counsel asserted that some deal was offered but that Greer did not accept the offered plea agreement. [DE 13-2 at 185-86, Pg ID 379-80]. Thus, Greer's contentions are disputed by both the Commonwealth and his trial attorney.

Moreover, Greer's claims that trial counsel had a motive to be untruthful are equally unavailing. Greer argues that "[t]rial counsel had every reason to lie, or at least to withhold the truth because any admission of her failure, [sic] subjected her [to] a suit for attorney malpractice." [DE 25 at 8, Pg ID 470]. But this contention is completely unsupported, conclusory, and

11

speculative. Attorneys, and other professionals for that matter, cannot be categorically imputed with a motive to lie each time they testify to discuss their work just because they may be subjected to a future suit for malpractice.

Furthermore, even assuming, for the sake of argument, that Greer is correct, and that trial counsel had motive to lie at the evidentiary hearing, Greer also arguably had a reason to be untruthful. Greer's freedom is at stake in this habeas action. As such, no one has more at stake here than Greer himself. Thus, Greer clearly has much at stake in the present action and based on Greer's logic, Greer would also have ample reason to be untruthful at the evidentiary hearing in an attempt to gain his freedom. Ultimately, both trial counsel and Greer himself have something at stake in this action. As a result, there is no clear indication that the trial court's finding that trial counsel was more credible than Greer was erroneous.

Second, Greer argues that the trial court's finding that he was never offered a fifteen-year plea agreement is erroneous and unsupported by the record evidence. The trial court observed that the Commonwealth's response refuted that Greer was ever offered a fifteen-year sentence in exchange for a guilty plea. But the trial court's conclusion that Greer was never offered a fifteen-year sentence is not unreasonable based on the evidence that the trial court considered.

Again, the only person that alleges that a fifteen-year plea deal was offered is Greer. There appears to be no dispute that some plea deal was offered by the Commonwealth. Still, according to the trial court, the Commonwealth denied that any fifteen-year plea deal was ever offered. [DE 13-2 at 175, 185 n.1, Pg ID 369, 379]. Greer makes much of the fact that no representative for the Commonwealth testified under oath at the evidentiary hearing, but that is of no moment here. The trial court was entitled to base its findings in part on briefs and submissions presented in favor and in opposition to the motion to vacate, alter, or amend. As such, the fact that no one representing the Commonwealth testified at the evidentiary hearing does not indicate that the Court's finding that no fifteen-year sentence was ever offered.

Moreover, trial counsel confirmed that a plea deal was offered to Greer but did not confirm that a fifteen-year sentence was offered. But, more importantly, trial counsel testified that Greer declined to accept the offered plea deal. Greer perfunctorily argues that there was an enforceable plea agreement before trial, but this argument has no merit because, even assuming, for the sake of argument, that Greer is correct that he was *offered* a fifteen-year sentence, he has failed to provide any objective evidence that he ever *accepted* that offer.

In sum, the state courts applied the correct legal standard when considering Greer's motion to vacate, alter, or amend and the

13

conclusion of the state courts is supported by the record evidence. First, Greer's trial counsel testified that Greer never accepted any offered plea deal and the state court's finding that her testimony was more credible than Greer's was not unreasonable. Second, the trial court noted that "Greer failed to adduce testimony from any other witness, including the Commonwealth's Attorney, or documentary evidence from his own counsel's file which was within the possession, custody and control of the Department of Public Advocacy, to corroborate his claim." [DE 1-1 at 108, Pg ID 123].

At present, Greer has similarly failed to present any objective evidence, other than his own conclusory and subjective assertions, that he was ever offered and accepted a fifteen-year sentence in exchange for a guilty plea. It follows then that trial counsel cannot be ineffective for failing to communicate a plea deal if there is no objective evidence that Greer ever accepted any such deal. As a result, Greer has failed to meet the high burden of demonstrating that the state court adjudication resulted in a decision contrary to or that was an unreasonable application of clearly established federal law or that the adjudication resulted in an unreasonable determination considering the facts.

## B. Ineffective Assistance of Appellate or Post Conviction Counsel

While unclear, Greer appears to argue that his post-conviction counsel was also ineffective. [DE 25 at 8-9, Pg ID 470-71]. But Greer appears to make this argument for this first time in his objection to the Magistrate's report and recommendation. In his petition, Greer asserts ineffective assistance of counsel based on failure to relay the plea offer made by the Commonwealth. [DE 1 at 3, Pg ID 3]. Additionally, in his reply to the government's response in opposition, Greer does not appear to assert that appellate counsel was ineffective. [*See* DE 17].

The law is clear that issues raised for the first time in objections to a Magistrate Judge's report and recommendation are deemed waived. *See, e.g.*, *Murr v. United States*, 200 F.3d 895, 902 n. 1 (6th Cir. 2000); *United States v. Waters*, 158 F.3d 933, 936 (6th Cir. 1998); *Marshall v. Chater*, 75 F.3d 1421, 1426-27 (10th Cir. 1996) (citing cases from other circuits holding that issues raised for the first time in objections to a magistrate judge's report and recommendation are waived). And for good reason, the Federal Magistrates Act of 1968 was not intended "to give litigants an opportunity to run one version of their case past the magistrate, then another past the district court." *Greenhow v. United States*, 863 F.2d 633, 638–39 (9th Cir. 1988),

15

*rev'd on other grounds*, *United States v. Hardesty*, 977 F.2d 1347 (9th Cir. 1992) (en banc).

In the present case, Greer's argument that post-conviction counsel was ineffective has been waived because Greer failed to raise this issue before the Magistrate Judge. At this juncture, considering the merits of this argument, raised for the first time in Greer's objections to the Magistrate Judge's report and recommendation, would undermine the authority of the Magistrate Judge by allowing Greer to wait until the recommended ruling to advance additional arguments. As a result, Greer's argument pertaining to ineffective assistance of post-conviction counsel was waived and is not considered by this Court.

## IV. Conclusion

Here, Greer has failed to meet his high burden to demonstrate that the state courts reached an adjudication that violated clearly established federal law or reached a decision based on an unreasonable determination of the facts based on the evidence before the state court. Additionally, Greer has failed to overcome the presumption that the state court's factual finding was correct.

Accordingly, **IT IS ORDERED** as follows:

(1) Magistrate Judge Smith's report and recommendation [DE 21] is **ACCEPTED** and **ADOPTED** in its entirety;

(2) Defendant Sharon Dale Greer's petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 [DE 1] is **DENIED**;

(3) Greer's request for an evidentiary hearing is **DENIED**;

(4) Greer' request for a certificate of appealability is **DENIED**;

(5) This action is **DISMISSED WITH PREJUDICE** and **STRICKEN** from the Court's active docket; and

(6) Judgment in favor of the respondent shall be entered contemporaneously with this memorandum opinion and order.

This the 4th day of April, 2019.

Signed By:
*Joseph M. Hood*
Senior U.S. District Judge