UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
**CENTRAL DIVISION at LEXINGTON**

SHARON DALE GREER,       )
                             )
      Petitioner,      )
                             )         Case No.
v.                      )   5:16-cv-338-JMH-CJS
                             )
AARON SMITH, WARDEN,     )   **MEMORANDUM OPINION**
KENTUCKY STATE REFORMATORY,   )     **AND ORDER**
                             )
      Respondent.      )

\*\*\*

The consideration before this Court is whether a habeas petitioner who has means to pay some, but not all, of the $505 appellate court filing fee may be required to make a partial payment of the fee before taking an appeal. This question in the Section 2254 context appears to be a matter of first impression in this Court.

Recently, the United States Court of Appeals for the Sixth Circuit affirmed the practice of requiring indigent individuals to pay partial appellate filing fees in cases filed under 28 U.S.C. § 2241. *See Samarripa v. Ormond*, 917 F.3d 515 (6th Cir. 2019). Even so, the *Samarripa* decision appears to have left the question of whether partial prepayment may be required of indigent individuals in the Section 2254 and Section 2255 context to another day.

After reviewing the history of requiring partial payment for habeas appeals filed under Section 2241 in this Court and

considering the reasoning in the Sixth Circuit's decision in *Samarripa*, this Court concludes that indigent habeas petitioners may be required to pay part of the appellate filing fee in appeals of cases filed pursuant to 28 U.S.C. § 2254. As such, petitioner Sharon Dale Greer's motion for leave to proceed in forma pauperis on appeal [DE 29] is **GRANTED IN PART** and **DENIED IN PART**. Greer must pay $37.95 to the Clerk of the Court in full satisfaction of the appellate filing fee within twenty-eight (28) days from the entry of this memorandum opinion and order.

## I. Procedural History

Greer filed this action pursuant to 28 U.S.C. § 2254. Greer paid the $5.00 filing fee in this Court. On April 4, 2019, this Court denied Greer's motion for habeas relief and no certificate of appealability was issued. [DE 26; DE 27].

Subsequently, Greer filed a timely notice of appeal. [DE 28]. Simultaneously, Greer filed a motion for leave to appeal in forma pauperis. [DE 29]. A certification of the funds deposited into Greer's institutional account was attached as an exhibit to his motion to appeal in forma pauperis. [DE 29-1]. Currently, the motion for leave to appeal in forma pauperis is ripe for review.

## II. Analysis

Consideration of whether Greer may be required to make a partial payment of the appellate filing fees requires the Court to

consider two interrelated questions.  First, may the Court impose a partial filing fee on indigent petitioners in cases filed under 28 U.S.C. § 2254?  Second, if so, what is the proper metric or standard for calculating the appropriate partial filing fee?

**A.  Partial Appellate Filing Fees in Section 2254 Cases**

The issue here, as in the *Samarripa* case, is whether the law allows partial prepayment of appellate filing fees or requires an all-or-nothing-at-all approach.  Federal Rule of Appellate Procedure 24(a)(1) requires a party who desires to appeal in forma pauperis to file a motion with the district court.  Still, the rule is silent on whether a district court has discretion to require partial payment of fees for indigent petitioners.

The text of 28 U.S.C. § 1915(a)(1) says: "[A]ny court of the United States *may authorize* the commencement, prosecution or defense of any suit, action or proceeding, civil or criminal, or appeal therein, *without prepayment of fees* or security therefor" after reviewing the person's assets and claim.  (Emphasis added).  Still, the text of the statute does not prohibit courts from requiring indigent petitioners to pay part of the appellate filing fee because a court that excuses some fees still allows a filing without prepayment of fees.  *Samarripa*, 917 F.3d at 517.

Analogy to the Section 2241 context is instructive.  In habeas cases brought under 28 U.S.C. § 2241, the Eastern District of Kentucky established a practice of requiring partial prepayment of

3

appellate filing fees for indigent petitioners. *See, e.g.*, *Cole v. Ormond*, No. 6:17-cv-150-GFVT (E.D. Ky. Dec. 13, 2017) (At docket entry 12); *Hernandez v. Ormond*, No. 6:17-cv-081-DLB (E.D. Ky. Nov. 16, 2017) (At docket entry 21); *Perez v. Ormond*, No. 6:17-cv-072-KKC (E.D. Ky. Nov. 3, 2017) (At docket entry 28).

This practice of imposing partial appellate filing fees in the Section 2241 context was challenged and affirmed on appeal by the Sixth Circuit. *Samarripa*, 917 F.3d at 517-20. In so holding, the Sixth Circuit considered the text of Section 1915(a), the pre-1996 history of courts requiring parties to prepay part of the appellate filing fees, and analogous case law from other circuits. *Id.*

While the *Samarripa* decision only considered partial appellate filing fees in the Section 2241 context, the logic of that holding applies equally to habeas cases under Section 2254. There is no apparent limitation on a district court's discretion to impose partial filing fees in habeas cases brought under Section 2254. Additionally, if Section 1915(a) provides district courts discretion to require partial filing fees in Section 2241 cases, then it most certainly allows for the same discretion in Section 2254 cases.

Moreover, there is good reason for district courts to have discretion to impose partial filing fees in 2254 cases. First, in many cases, habeas petitioners have enough funds to cover some,

but not all, of the appellate filing fee.  Requiring that habeas petitioners pay a small portion of the filing fee may discourage petitioners from filing frivolous habeas appeals.  Second, a consistent discretionary fee regime between Section 2241 cases and Section 2254 cases decreases complication and confusion for courts and clerks' offices.  A scheme where courts may impose partial filing fees in habeas cases brought under Section 2241 but not cases brought under Section 2254 would be illogical.

In sum, the statutory language of 28 U.S.C. § 1915(a)(1) gives district courts discretion in requiring partial appellate filing fees in habeas cases brought under 28 U.S.C. § 2254.

## B.  Procedure for Determining Appropriate Amount for Partial Filing Fee

Having determined that this Court may require a partial filing fee, the next question is how the Court should determine the amount of the partial filing fee to be imposed.  Here, the certification of Greer's institutional account reflects that as of April 26, 2019, Greer had an account balance of $261.14.  [DE 29-1]. Additionally, the certification states that Greer has a six-month deposit average of $189.73.

Of course, the Court could simply review the certification of Greer's institutional account and impose a fee that falls somewhere between zero and the current account balance.  For instance, one court reviewing this case might assess a filing fee of $50.00,

roughly nineteen percent of Greer's current account balance. Still, another court reviewing the same facts might impose a fee of $100.00, roughly thirty-eight percent of Greer's current balance. This method is highly subjective and will lead to inconsistencies between different judges on the same court.

Moreover, this method of using the current total account balance does not account for variation between account balances in inmate accounts. For example, an inmate's account balance likely varies from month to month based on spending and irregularities between deposits. In this case, Greer's current account balance today likely differs from the account balance as of April 26, 2019, that is reflected on the certification of Greer's institutional account.

A better method for determining the proper partial filing fee amount is to borrow from the scheme outlined in 28 U.S.C. 1915(b)(1) and impose a partial appellate filing fee that is twenty percent of the greater of the average monthly deposits to the prisoner's account or the average monthly balance in the prisoner's account for the six-month period preceding the filing of the complaint or notice of appeal. Of course, this method was introduced by the Prison Litigation Reform Act ("PLRA") and applies to civil litigation involving prisoners. Section 1915(b)(1) does not apply to habeas appeals. *See Kincade v. Sparkman*, 117 F.3d 949, 951 (6th Cir. 1997). Still, the twenty-percent method

outlined in Section 1915(b)(1) allows district courts to impose a minimal filing fee that falls well within the financial means of a habeas petitioner.  Additionally, the method is objective and provides consistency, requiring that petitioners pay a partial fee that varies based on their individual financial situation and ability to pay.

As a result, the appropriate partial appellate filing fee in this matter is $37.95.  Greer has a six-month deposit average of $189.73.  Twenty percent of 189.73 is 37.946.  After rounding to the nearest penny, the appropriate partial appellate filing fee amount is $37.95.

### III.  Conclusion

Pursuant to 28 U.S.C. § 1915(a)(1), indigent habeas petitioners bringing cases under 18 U.S.C. § 2254 who have financial means to pay some, but not all, of the appellate filing fee may be required to make a partial payment in full satisfaction of the appellate filing fee.  This method imposes a minimal appellate filing fee while still ensuring that a petitioner may appeal without full prepayment of fees.

Moreover, the most objective and equitable method of calculating the partial filing fee is to use the scheme laid out in Section 1915(b)(1), which requires petitioners to pay a partial fee that amounts to twenty percent of the greater of the average monthly deposits in the prisoner's account or the average month

balance of the prisoner's account for the six-month period preceding the filing of the notice of appeal.

Accordingly, **IT IS ORDERED** as follows:

(1) Greer's motion for leave to proceed on appeal in forma pauperis [DE 29] is **GRANTED IN PART** and **DENIED IN PART**;

(2) **Within twenty-eight (28) days** from the entry of this memorandum opinion and order, **Greer must pay $37.95** to the Clerk of the Court in full satisfaction of the appellate filing fee, and

(3) The Clerk of the Court is **DIRECTED** to forward a copy of this memorandum opinion and order to the Clerk of the United States Court of Appeals for the Sixth Circuit.

This the 9th day of May, 2019.



Signed By:

_Joseph M. Hood_

Senior U.S. District Judge